**TAMPA SAND & MATERIAL CO.,**
Appellant,

v.

**BRICKLAYERS, MASONS, PLASTERERS, MARBLE MASONS, TILE LAYERS, TERRAZZO WORKERS, AND CEMENT FINISHERS' UNION NO. 3, FLORIDA,** Appellee.

No. 17247.

United States Court of Appeals
Fifth Circuit.

Feb. 3, 1959.

Rehearing Denied March 11, 1959.

---

Erle Phillips, Atlanta, Ga., L. Robert Frank, Tampa, Fla., Fisher, Phillips & Allen, Atlanta, Ga., Allen, Dell, Frank & Trinkle, Tampa, Fla., for appellant.

Richard E. McGee, Frank A. McClung, Brooksville, Fla., for appellee.

Before RIVES, TUTTLE, and CAMERON, Circuit Judges.

RIVES, Circuit Judge.

The decision of this appeal is controlled by that in No. 17,246, Cone Brothers Contracting Company v. Bricklayers, Masons, Plasterers, Marble Masons, Tile Layers, Terrazzo Workers and Cement Finishers' Union 3, Florida, 5 Cir., 263 F.2d 297. Tampa Sand was a subcontractor of Cone Brothers, engaged in installing tile and similar products on the same motel job. To sustain its averment that "Plaintiff is and has been engaged in an industry affecting commerce within the meaning of Section 303(a) of the Act," Tampa Sand alleged:

> " * * * At all times hereinafter mentioned it was engaged in the manufacture, sale and installation of concrete products used in connection with the construction of buildings. During the 12-month period next preceding the filing of this action, plaintiff purchased directly from sources outside the State of Florida goods the value of which was in excess of $500,000.00."

For the reasons stated in No. 17,246, Cone Brothers Contracting Company v. Bricklayers, Masons, Plasterers, Marble Masons, Tile Layers, Terrazzo Workers and Cement Finishers' Union No. 3, Florida, 5 Cir., 263 F.2d 297, we hold that that averment was sufficient.

Reversed and remanded.

CAMERON, Circuit Judge (dissenting).

For the reasons stated in my dissenting opinion in No. 17246, Cone Brothers Contracting Company v. Bricklayers, Masons, Plasterers, Marble Masons, Tile Layers, Terrazzo Workers, and Cement Finishers' Union No. 3, Florida, 5 Cir., 263 F.2d 299, I dissent from the decision of the majority in this case.

Rehearing denied: CAMERON, Circuit Judge, dissenting.