263 F.2d 297
 CONE BROTHERS CONTRACTING COMPANY, Appellant,
v.
BRICKLAYERS, MASONS, PLASTERERS, MARBLE MASONS, TILE LAYERS,
TERRAZZO WORKERS, AND CEMENT FINISHERS' UNION NO.
3, FLORIDA, Appellee.
 No. 17246.
 United States Court of Appeals Fifth Circuit.
 Feb. 3, 1959, Rehearing Denied March 11, 1959.
 
 Erle Phillips, Atlanta, Ga., L. Robert Frank, Tampa, Fla., Fisher, Phillips & Allen, Atlanta, Ga., Allen, Dell, frank & Trinkle, Tampa, Fla., for appellant.
 Richard E. McGee, Frank A. McClung, Brooksville, Fla., for appellee.
 Before RIVES, TUTTLE and CAMERON, Circuit Judges.
 RIVES, Circuit Judge.
 
 
 1
 Pursuant to Section 303 of the Labor Management Relations Act, 29 U.S.C.A. 187,[1] appellant-employer filed a complaint against appellee-union seeking to recover damages sustained by reason of a violation of said section. The complaint alleged that a dispute existed between the Union and Acme Tile & Terrazzo Company, a subcontractor working under a contract from the employer; that the Union picketed the employer's job site for the purpose of forcing the employer to cease doing business with Acme so that Acme would be compelled to recognize the Union, although it had not been certified as representative of Acme's employees; that the picket line induced various employees of the employer and of its subcontractor to leave the job, and the employer incurred a loss in the amount of $9,800.00 from the interruption of its business.
 
 
 2
 The critical averment was that made to support the conclusion that the employer 'is and has been engaged in an industry affecting commerce within the meaning of Section 303(a) of the Act.' To sustain that conclusion, the complaint averred:
 
 
 3
 '* * * At all times hereinafter mentioned it was engaged in the general contracting business, in construction and improvement of highways, roads, buildings and other structures. During the 12-month period next preceding the filing of this action, plaintiff purchased directly from sources outside the State of Florida goods the value of which was in excess of $500,000.00.'
 
 
 4
 The Union moved to dismiss the complaint on the grounds that the court lacked jurisdiction of the subject matter and that the complaint failed to state a claim upon which relief can be granted. The district court granted that motion, and, after the employer had declined to amend, dismissed the complaint. The trouble which the district court found with the complaint was thus expressed:
 
 
 5
 '* * * the Complaint fails to allege that any goods purchased by the plaintiff from outside the State of Florida were used in the construction of the motel referred to in the Complaint, and, therefore, the Complaint does not contain sufficient allegations that the plaintiff was an industry or activity affecting Interstate Commerce at the time the acts of the defendant were committed, * * *.'
 
 
 6
 We do not agree. It seems clear to us that the interstate commerce intended to be protected by the Act is not confined to the particular job but extends to all of the activities of the employer. For that reason, the proscribed conduct was made unlawful 'in an industry or activity affecting commerce.' See, footnote 1, supra. Section 2 of the Act, captioned 'Definitions,' provides in part:
 
 
 7
 'When used in this subchapter--
 
 
 8
 '(7) The term 'affecting commerce' means in commerce, or burdening or obstructing commerce or the free flow of commerce, or having led or tending to lead to a labor dispute burdening or obstructing commerce or the free flow of commerce.'
 
 
 9
 29 U.S.C.A. 152(7). By that definition, 'Congress meant to reach to the full extent of its power under the Commerce Clause.' Guss v. Utah Labor Relations Board, 1957, 353 U.S. 1, 3, 77 S.Ct. 598, 599, 609, 1 L.Ed.2d 601; see also, Polish Nat. Alliance of United States of North America v. National Labor Relations Board, 1944, 322 U.S. 643, 647, 64 S.Ct. 1196, 88 L.Ed. 1509; International Brotherhood of Elec. Workers, Local 501 v. National Labor Relations Board, 2 Cir., 1950, 181 F.2d 34, 36. In National Labor Relations Board v. Denver Building & Const. Trades Council, 1951, 341 U.S. 675, 71 S.Ct. 943, 95 L.Ed. 1284, in deciding a similar question the Supreme Court considered all activities of the employer and not just those activities on the job site where the picketing occurred.
 
 
 10
 The judgment of the district court dismissing the complaint was erroneous. That judgment is reversed and the cause remanded for disposition on its merits.
 
 
 11
 Reversed and remanded.
 
 
 12
 CAMERON, Circuit Judge (dissenting).
 
 
 13
 'The Congress shall have power * * * To regulate commerce with foreign Nations, and among the several States, and with the Indian Tribes.'
 
 
 14
 By these carefully chosen words of Section 8, Article I of the Constitution, the Sovereign States which formed the Union delegated to the national government all the power it has ever possessed over commerce between the States. To make sure that nobody would construe this and other like grants as lodging in the newly created government any other powers, they made the new Constitution effective only upon the terms expressed in the Tenth Amendment:
 
 
 15
 'The powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people.'
 
 
 16
 Despite the torturing of language and distortion of the historical state-federal relationship in this field which have been employed in bringing that relationship to its present status, the majority is able to find no authoritative holding which would, under stare decisis, support the concludion it announces.
 
 
 17
 In the absence of such a precedent it is our duty to look to the words of the Constitution itself-- hardly recognizable under the plethora of writings about them. So looking, it is inconceivable to me that we should hold that erection of a building under the facts of this case is anything but a local matter, with which the Federal Government has no legitimate concern and over which the Federal Courts have no jurisdiction.
 
 
 18
 The decision of the majority, in my opinion, sets a new precedent which cannot but augment to existing imbalance of state-federal relationships resulting from construction of these simple words of the Commerce Clause. Being so convinced with respect to an important question of constitutional construction, and feeling that it is regrettable that such a precedent should emanate from a section where, by and large, perspective has not been lost, I respectfully dissent.
 
 
 19
 Rehearing denied: CAMERON, Circuit Judge, dissenting.
 
 
 
 [1]
 '187. Boycotts and other unlawful combinations; right to sue; jurisdiction; limitations; damages
 '(a) It shall be unlawful, for the purposes of this section only, in an industry or activity affecting commerce, for any labor organization to engage in, or to induce or encourage the employees of any employer to engage in, a strike or a concerted refusal in the course of their employment to use, manufacture, process, transport, or otherwise handle or work on any goods, articles, materials, or commodities or to perform any services, where an object thereof is--
 '(1) forcing or requiring any employer or self-employed person to join any labor or employer organization or any employer or other person to cease using, selling, handling, transporting, or otherwise dealing in the products of any other producer, processor, or manufacturer, or to cease doing business with any other person;
 '(2) forcing or requiring any other employer to recognize or bargain with a labor organization as the representative of his employees unless such labor organization has been certified as the representative of such employees under the provisions of section 159 of this title:
 '(3) forcing or requiring any employer to recognize or bargain with a particular labor organization as the representative of his employees if another labor organization has been certified as the representative of such employees under the provisions of section 159 of this title;
 '(4) forcing or requiring any employer to assign particular work to employees in a particular labor organization or in a particular trade, craft, or class rather than to employees in another labor organization or in another trade, craft, or class unless such employer is failing to conform to an order or certification of the National Labor Relations Board determining the bargaining representative for employees performing such work. Nothing contained in this subsection shall be construed to make unlawful a refusal by any person to enter upon the premises of any employer (other than his own employer), if the employees of such employer are engaged in a strike ratified or approved by a representative of such employees whom such employer is required to recognize under subchapter II of this chapter.
 '(b) Whoever shall be injured in his business or property by reason or 1 any violation of subsection (a) of this section may sue therefor in any district court of the United States subject to the limitations and provisions of section 185 of this title without respect to the amount in controversy, or in any other court having jurisdiction of the parties, and shall recover the damages by him sustained and the cost of the suit.
 '1 So in original. Probably should read 'of."